# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

Lyle W. Cayce
Clerk

No. 10-40044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENEDINO VASQUEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1386-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enedino Vasquez-Martinez (Vasquez) appeals his 57-month sentence of imprisonment imposed following his guilty plea conviction for being found unlawfully present in the United States following deportation.  Vasquez argues that the sentence is procedurally unreasonable because the district court failed to give an adequate explanation for the sentence given and did not address his nonfrivolous claim that the 16-level enhancement of his offense level was excessive in light of the nature of his prior conviction for domestic violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Vasquez objected in the district court to the sufficiency of the district court's reasons, he preserved the error for appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The district court is not required to give a specific explanation for rejecting an argument seeking a lower sentence. *Rita v. United States*, 551 U.S. 338, 357 (2007). The sentencing court need only "satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356. The district court agreed with Vasquez's argument concerning the overrepresentation of his criminal history and, after considering the seriousness of his prior conduct and likely recidivism, it departed downward by modifying Vasquez's criminal history category to a less serious category. *Id.* In adopting the findings in the presentence report, the district court, by implication, rejected Vasquez's objection to the 16-level enhancement based on his prior conviction. The district court's statements, reflecting that it had considered the parties' arguments and the § 3553(a) factors in imposing sentence, were sufficient to satisfy this court that there was a reasonable basis for the sentence. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Thus, there was no significant procedural error with respect to the sentence. *See Gall v. United States*, 552 U.S. 39, 51 (2007).

Vasquez further argues that his sentence is substantively unreasonable because it was greater than necessary to effectuate the purposes of sentencing and that a sentence can be unreasonable even if it is a below-guidelines sentence. He complains that his sentence for the instant illegal reentry offense was more than twice the sentence that he received for his prior conviction for domestic abuse. He repeats his argument that the 16-level enhancement often results in the overpunishment of defendants.

Vasquez also objected to the substantive reasonableness of the sentence. The substantive reasonableness of a sentence, including one resulting from a

downward departure, is reviewed for an abuse of discretion. *Gall*, 552 U.S. at 51; *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008). The district court may consider the policy decisions behind a Guideline as part of its § 3553(a) analysis, but it has the discretion to reject policy based arguments. *Mondragon-Santiago*, 564 F.3d at 366. Vasquez's sentence was below the initial sentencing guidelines range and at the bottom of the range defined by the downward departure. The district court indicated that it had considered the overrepresentation of the seriousness of his past criminal conduct. Vasquez has not shown that the sentence was greater than necessary or made any other argument showing that the district court abused its discretion in imposing such sentence. Thus, Vasquez has not demonstrated that the sentence was substantively unreasonable.

The sentence is AFFIRMED.